IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SANDRA TUCKER DUCKWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| YELLOW SOCIAL | ) |
| INTERACTIVE, LTD. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Yellow Social Interactive, Ltd. ("YSI"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this civil action to the United States District Court for the Eastern District of Tennessee, Winchester Division from the Circuit Court for the 14th Judicial District of Tennessee (Case No. 2023-CV-49181).

### I.  OVERVIEW

1. On November 13, 2023, Plaintiff filed suit against YSI in the Circuit Court for the 14th Judicial District of Tennessee, Case No. 2023-CV-49181.[1]

---

[1] On November 13, 2023, Plaintiff's counsel filed eight other substantively identical lawsuits in the Circuit Court for the 14th Judicial District of Tennessee: *Pless v. Zynga, Inc*., Case No. 16CC1-2023-CV-49175; *Pless v. Huuge, Inc.*, Case No. 16CC1-2023-CV-4916; 8*Burt v. Playtika LTD*, Case No. 16CC1-2023-CV-49178; *Ewing v. SciPlay Corp., et al*., Case No. 16CC1-2023-cv-49179; *Bean v. SpinX Games, LTD*, Case No. 16CC1-2023-CV-49180; *Ewing v. VGW Ltd., et al*., 16CC1-2023-cv-49182; *Duckworth vs Playstudios*, US, LLC, Case No. 16CC1-2023-CV-49183; and *Bean v. Aristocrat Leisure*, LLC, et al., 16CC1-2023-CV-49184.  Ms. Duckworth is the plaintiff in this matter and the matter filed against Playstudios, US LLC.

1

2. YSI has yet to be properly served in accordance with Tennessee Rule of Civil Procedure 4A. Notwithstanding, YSI, by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, insufficient service of process. *See Harrison v. Steffen*, 51 F. Supp. 225, 226 (E.D. Ky. 1943) ("It is well settled that the appearance by a defendant for the purpose of obtaining the removal of a case from a state court to a federal court does not operate as a general appearance and that all questions that can be made before a state court can be made in the court to which the case has been removed."); *see also* Fed. R. Civ. P. 12(b)(2), 12(b)(5) (defense of "lack of personal jurisdiction" and "insufficient service of process" not waived by removal).

3. Pursuant to section 1446(a), YSI has filed herewith as **Exhibit A** copies of all process, pleadings, and orders in the case to date in the state court.

4. YSI has not filed responsive pleadings in the Circuit Court for the 14th Judicial District of Tennessee in advance of removing the case to this Court.

5. A copy of this Notice of Removal will be filed with the Circuit Court for the 14th Judicial District of Tennessee and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

6. This removal is certainly timely filed within 30 days of the filing of the Complaint, despite YSI not yet having been served. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

7. Plaintiff's allegations against YSI in this case arise from YSI's publication of online games, namely casino-themed social games, which Plaintiff claims are unlawful contests of chance under Tennessee law. Exhibit A, Complaint ("Compl."), ¶ 12.

8. Plaintiff seeks to recover the amounts spent by all players in Tennessee of YSI's "online games of chance . . . including, but not limited to, slot machines, other casino-styled games, card games and other games of chance" from November 13, 2022 though resolution of this action (Compl. ¶¶ 13, 25, Prayer for Relief) "for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser[s]" of the games in that state. Compl., ¶ 5, Prayer. Plaintiff further seeks appointment of a Special Master to disburse the payments to "all proper recipients of the money at issue." Compl., Prayer ¶ 3. Lastly, Plaintiff seeks an award to her of interest, costs, and any other relief to which Plaintiff is entitled. Compl., Prayer ¶4.

## II. JURISDICTION AND VENUE

9. By removing this action, YSI does not consent to this Court's exercise of personal jurisdiction over it in this action, and reserves the right to move for dismissal on that ground.

10. This Court has subject matter jurisdiction under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because (1) there is complete diversity of citizenship between the named plaintiff Sandra Duckworth ("Plaintiff") and YSI; and (2) the amount in controversy exceeds $75,000. Declaration of Paul Foster in Support of Notice of Removal ("Foster Decl."), ¶¶ 3, 4, 6, 7, filed herewith as **Exhibit B**.

11. Alternatively, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) Plaintiff seeks to collect millions of dollars "for the use of" the family members of everyone in Tennessee who spent money on www.pulsz.com, the URL through which YSI operates online games, such that this case is "in substance" a "class action" within the broad meaning of that term under the CAFA; (2) YSI is not a citizen of Tennessee; (3) more than 100 players in Tennessee spent money on www.pulsz.com during the statutory time period alleged (November 13, 2022 through the present) even when excluding players who spent $75,000 or more; and

(4) purchases by Tennessee users of www.pulsz.com from November 13, 2022 to the present, considerably exceeds the threshold amount of $5,000,000 under CAFA, even if the expenditures of players who spent $75,000 or more are excluded. Foster Decl., ¶¶ 3, 4, 6-8.

12. Venue is proper in the Eastern District of Tennessee, Winchester Division, because the state court action was filed in the Circuit Court for the 14th Judicial District of Tennessee. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. GROUNDS FOR REMOVAL

#### A. Diversity Jurisdiction

13. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

14. All requirements are met in this case. The amount in controversy exceeds $75,000, and there is complete diversity between Plaintiff and YSI.

##### 1. The Amount in Controversy Exceeds $75,000

15. Plaintiff alleges a claim under Tenn. Code Ann. § 29-19-105 seeking "recovery of all sums paid by Tennessee residents to YSI in its online gambling games during the period beginning one year before the filing of this complaint until this case is resolved, except that she does not seek recovery of any money lost by a Tennessee resident who lost $75,000 or more during the statute of limitations period." Compl. ¶ 25.

16. In determining whether the amount in controversy requirement is satisfied where, as here, there is an unspecified claim for damages, the removing defendant need only prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 769–70 (6th Cir. 2009). Courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir. 397) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

17. Here, the amount in controversy requirement is satisfied based on the allegations in the Complaint and declaration attached hereto. Plaintiff seeks to recover, pursuant to Tenn. Code Ann. § 29-19-105, the amounts spent by all players of YSI's games in the state of Tennessee for the year prior to filing of the complaint (from November 13, 2022 to November 13, 2023) through the duration of the suit, "for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser[s]" of the games. Compl. ¶¶ 25, 26, Prayer.

18. The total amount spent by Tennessee users of YSI's casino-themed social games from November 13, 2022 to November 13, 2023, as well as November 13, 2022 to the present, far exceeds $5,000,000. Foster Decl., ¶¶ 6, 7. Accordingly, the amount of controversy requirement for removal is satisfied.

19. First, under the plain language of the statute, any recovery will be delivered directly to Plaintiff. *See* Tenn. Code Ann. § 29-19-105 ("**Any other person may** . . . **recover** the amount of such money, thing, or its value, by action for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser." (emphasis added)).

20. Second, the amounts spent by all players, sought by Plaintiff alone, can be aggregated. To reach the jurisdictional minimum, "it is well settled" that a court "may aggregate" a single plaintiff's

"claims against a single defendant." *Houser v. Allstate Ins.*, 2:20-cv-01661-ACA, 2020 WL 7352572, at *2 (N.D. Ala. Dec. 15, 2020); *see Snyder v. Harris*, 394 U.S. 332, 335 (1969). While an Alabama federal court in *Pilati v. Yellow Soc. Interactive, Ltd.,* No. 3:23-CV-00485-LCB, 2023 WL 5202375 (N.D. Ala. Aug. 14, 2023), recently held that players' purchases could not be aggregated to satisfy § 1332(a)'s amount-in-controversy requirement in an action brought under Alabama's similar gambling loss recovery statute, *Pilati* is not binding on this Court and YSI respectfully disagrees with its conclusion.

21. Third, even assuming the recovery sought cannot be aggregated or Plaintiff is required to distribute the funds, it is apparent from the Complaint that the amount Plaintiff seeks to recover individually exceeds the $75,000 amount in controversy. For example, the statute is silent on who gets a particular player's money if his or her family members cannot be identified, either because there are no living family members or they cannot be located. The statute is also silent as to who gets the money if the family members, for whatever reason, do not claim their funds. *See* Tenn. Code Ann. § 29-19-105. Those excess funds appear to be what Plaintiff claims entitlement to keep.[2]

22. Notably, Plaintiff nowhere claims she is seeking any amount less than $75,000 for herself, or to be used by her or her attorneys. To the contrary, Plaintiff alleges an open-ended prayer for recovery, in which Plaintiff seeks an award to her of "interest, costs, and any other relief to which plaintiff is entitled." Compl., Prayer ¶4.[3]

---

[2] The *Pilati* court did not consider whether the plaintiff stood to recover more than $75,000 based on the likely event of unclaimed funds. That question is now before the *Pilati* court in multiple different cases, on a matter of first impression.

[3] In the event Plaintiff moves to remand on the basis that the jurisdictional amount is not satisfied, YSI will seek and should receive limited jurisdictional discovery on the amount which Plaintiff seeks under this allegation of her Complaint. *See., e.g., Tomblin v. GEICO Choice Ins. Co.*, No. 1:21-CV-01741, 2021 WL 5768076, at *3 (N.D. Ohio Dec. 6, 2021) (noting that plaintiff opposing removal could seek jurisdictional discovery to contest the amount in controversy). In addition, YSI would seek discovery

23. Given the sizable overall pool of dollars at issue in this case, common sense dictates that Plaintiff (and, by extension, her counsel) are seeking a substantial award. That Plaintiff and her counsel are not motivated by altruism is apparent from her allegations that she does not seek recovery for individual players who "lost" the most money (over $75,000) – a blatant attempt to try to defeat removal of this case, notwithstanding that Plaintiff seems intent on excluding those who would otherwise be alleged to have suffered the greatest injury.

24. In sum, Plaintiff is asserting—whether for her own benefit, for the purpose of compensating counsel, or both—a substantial *individual* claim of more than $75,000.

### 2. Complete Diversity Exists Between Plaintiff and YSI

25. Complete diversity of citizenship exists because Plaintiff is domiciled in Tennessee and YSI is nether incorporated nor headquartered in Tennessee. 28 U.S.C. § 1441(b).

26. At the time this action was commenced, Plaintiff was domiciled in Coffee County, Tennessee. Compl. ¶ 10. Thus, Plaintiff is a citizen of Tennessee for purposes of diversity jurisdiction. *See, e.g.*, *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) ("[I]t is settled that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile ….").

27. At the time this action was commenced, YSI was and remains a foreign company incorporated and existing under the law of Gibraltar, with its principal place of business in Gibraltar. Compl. ¶ 11; Foster Decl. ¶ 3-4. Thus, for purposes of diversity, YSI is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

28. There is complete diversity between Plaintiff and YSI. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

---

as to whether Plaintiff or any next of kin were users of the YSI website, as they would then be subject to an arbitral agreement under the applicable Terms of Use.

## B. Class Action Fairness Act

29. Even if the Court declines to recognize that the amount in controversy is in excess of $75,000, removal is also proper because this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

30. CAFA provides for federal court jurisdiction over any "class action" where minimal diversity exists, there are at least 100 members in the putative class, and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(1), (2), (5); *see also* 28 U.S.C. § 1453(b).

31. All of the jurisdictional requirements for CAFA are satisfied here.

32. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This definition "is to be interpreted liberally," consistent with the "overall intent" of CAFA: "to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109-14, at 35 (2005). Indeed, Congress enacted CAFA to address gamesmanship by lawyers who attempt to keep interstate class actions out of federal court. S. Rep. 109-14, at 4–5. Congress "firmly believe[d]" that interstate class actions "properly belong in federal court" because they "typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit." *Id.* at 5. Congress has also emphasized that, "[g]enerally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying" CAFA. S. Rep. No. 109-14, at 34–35.

33. The Sixth Circuit has not considered whether an action under Tenn. Code Ann. § 29-19-105 is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B), nor has any other court. However, courts have held that where an action is "in substance a class action," removal is proper under

the CAFA. *Addison Automatics, Inc. v. Hartford Cas. Ins.*, 731 F.3d 740, 742 (7th Cir. 2013); *see also Williams v. Emp'rs Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) (removal under CAFA appropriate where plaintiff's only legal authority to bring claims was derived from state law authorizing her to bring representative claims for the benefit of others).

34. This action is "in substance a class action." The complaint asserts claims under Tenn. Code Ann. § 29-19-105, in a representative capacity on behalf of the unnamed families of all YSI's Tennessee players, and seeks to recover all the money that those players spent on the games "for the use of" those players' families. *See* Compl. ¶¶ 5, 9, 25, Prayer; *see also Pilati v. Yellow Soc. Interactive, Ltd.,* 2023 WL 5202375, at *2 (observing, in action brought by Plaintiff's same counsel under Alabama's identical gambling loss recovery statute, that the plaintiff "appears in a representative capacity as the sole plaintiff, and she brings this action under Alabama Code § 8-1-150(b) to recover for numerous, and currently unknown, Alabama citizens").[4] In claiming to represent and to seek recovery "for the use of" all Tennessee players' families, Plaintiff's suit under Tenn. Code Ann. § 29-19-105 plainly "resemble[s] a purported class action" and therefore, per Congress' express instruction, this suit "should be considered [a] class action[] for the purpose of applying" the CAFA. S. Rep. No. 109-14, at 35.

35. CAFA's remaining statutory requirements are also met. As explained above, at least one member of the putative class is a citizen of a State different from YSI. 28 U.S.C. § 1332(d)(2)(A). Based on YSI's review of business records, there are more than 100 members of the putative class and the claims asserted on behalf of the putative class exceed $5,000,000. Foster Decl., ¶¶ 6-8. Finally, because

---

[4] While the *Pilati* court found that the individual purchase amounts of players in Alabama could not be aggregated to satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a), whether jurisdiction existed under the CAFA—which expressly permits aggregation—was not before the court. *Id.* That question is now pending before the same Alabama court in a series of different cases, on a matter of first impression.

YSI is not a citizen of Tennessee, none of the exceptions to CAFA jurisdiction applies. 28 U.S.C. § 1332(d)(3)–(4).

36. For these reasons, the Court has jurisdiction under the Class Action Fairness Act.

37. Alternatively, even if the court were to find that CAFA removal did not apply, it should then observe that, here, Ms. Duckworth is the only plaintiff. She claims to be the real party in interest. *See* Tenn. R. Civ. P. 10.01, 17.01 (requiring that "[e]very action shall be prosecuted in the name of the real party in interest"). Nor is this case a private attorney general action as Plaintiff claims. Although "[t]he definition of a private attorney general is hard to pin down," at its core, the concept involves a private citizen bringing a case on behalf of the public. *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1154 (9th Cir. 2021). The plaintiff in such cases is a "non-government actor who represents the public's rights or interests in court" by suing on behalf of the public. *Id.* at 1155. Here, by contrast, Plaintiff is suing on her own behalf. Much like a trustee, a plaintiff proceeding under Tenn. Code Ann. § 29-19-105 is the real party in interest for diversity jurisdiction purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–65 (1980) (trustees, not the trust, are the real parties in interest for determining diversity of citizenship). Nor is this action brought pursuant to a statutory private attorney general action. Thus, because Plaintiff claims to be the only real party in interest, the Court can aggregate her claims.

### IV. CONCLUSION

38. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

39. Should Plaintiff move to remand this case, YSI respectfully requests an opportunity to respond more fully in writing, including the submission of additional declarations and authority, and conducting jurisdictional discovery.

40. YSI reserves all of its defenses.

31586_00/23001/NLK-4859-0620-4311_1

WHEREFORE, YSI hereby removes this action from the Circuit Court for the 14th Judicial District of Tennessee to the United States District Court for the Eastern District of Tennessee, Winchester Division under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated: December 13, 2023

Respectfully Submitted,

*s/ Nathan L. Kinard*_____
Nathan L. Kinard, TN Bar No. 035721
Anthony A. ("Bud") Jackson, TN Bar No. 014364
**CHAMBLISS, BAHNER & STOPHEL, P.C.**
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Phone: (423) 757-0203
Fax: (423) 508-1203
bjackson@chamblisslaw.com
nkinard@chamblisslaw.com

**DUANE MORRIS LLP**
William M. Gantz (*pro hac vice* application to follow)
100 High Street, Suite 2400
Boston, MA 02110
Phone: 857-488-4234
Email: bgantz@duanemorris.com

*Attorneys for Defendant Yellow Social Interactive, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2023, the foregoing document was served on counsel of record for Plaintiff Sandra Tucker Duckworth, listed below, via email and regular first class mail:

Garth R. Segroves
113 West Moore Street
Tyllahoma, Tennessee 37388
Telephone: 931.393.4366
Fax: 931.259.4466
Garth_segroves@att.net

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Sandra Tucker Duckworth*

　　　　　　　　　　　　　　　　　　　__s/ Nathan L. Kinard_____

31586_00/23001/NLK-4859-0620-4311_1
Case 4:23-cv-00058-CLC-SKL   Document 1   Filed 12/13/23   Page 12 of 12   PageID #: 12