UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| GINA V. BURT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 4:23-cv-55 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| PLAYTIKA, LTD. and PLAYTIKA | ) |
| HOLDING CORP., | ) |
| | ) Magistrate Judge Susan K. Lee |
| *Defendants.* | ) |
| | ) |

| | |
|---|---|
| SANDRA TUCKER DUCKWORTH, | ) |
| | ) |
| *Plaintiff,* | ) Case No. 4:23-cv-58 |
| | ) |
| v. | ) Judge Curtis L. Collier |
| | ) |
| YELLOW SOCIAL INTERACTIVE, LTD., | ) Magistrate Judge Susan K. Lee |
| | ) |
| *Defendant.* | ) |
| | ) |

| | |
|---|---|
| LAUREN EWING, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 4:23-cv-60 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| SCIPLAY CORP. and SCIPLAY | ) |
| GAMES, LLC, | ) Magistrate Judge Susan K. Lee |
| | ) |
| *Defendants.* | ) |
| | ) |

| | |
|---|---|
| JENNIFER LYNN BEAN<br><br>   *Plaintiff,*<br><br>v.<br><br>ARISTOCRAT LEISURE, LLC,<br>ARISTOCRAT TECHNOLOGIES, INC.,<br>and PRODUCT MADNESS, INC.,<br><br>   *Defendants.* | Case No. 4:23-cv-61<br><br>Judge Curtis L. Collier<br><br>Magistrate Judge Susan K. Lee |
| LAUREN EWING,<br><br>   *Plaintiff,*<br><br>v.<br><br>VGW LTD., VGW HOLDINGS US,<br>INC., VGW US, INC., and VGW<br>LUCKYLAND, INC.,<br><br>   *Defendants.* | Case No. 4:23-cv-62<br><br>Judge Curtis L. Collier<br><br>Magistrate Judge Susan K. Lee |
| JENNIFER LYNN BEAN,<br><br>   *Plaintiff,*<br><br>v.<br><br>SPINX GAMES, LTD.,<br><br>   *Defendant.* | Case No. 4:24-cv-7<br><br>Judge Curtis L. Collier<br><br>Magistrate Judge Susan K. Lee |

## **M E M O R A N D U M**

     Before the Court are unopposed motions filed by Defendants in six related cases to stay the Court's orders to remand the actions to the Circuit Court for Coffee County, Tennessee (the "State Court") until the Court of Appeals for the Sixth Circuit fully disposes of the petitions to

2

appeal.[1]  (Case No. 4:23-cv-55, Doc. 39; Case No. 4:23-cv-58, Doc. 45; Case No. 4:23-cv-60, Doc. 48; Case No. 4:23-cv-61, Doc. 39; Case No. 4:23-cv-62, Doc. 45; Case No. 4:24-cv-7, Doc. 45.)

Plaintiffs brought actions in Tennessee state court seeking to recover gambling losses of Tennessee residents pursuant to Tennessee Code Annotated § 29-19-105.  (*E.g.*, Case No. 4:23-cv-55, Doc. 1-1 at 2–13.)  Defendants timely removed the actions from the State Court on the grounds that this Court has original jurisdiction based both on traditional diversity of citizenship and under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), pursuant to 28 U.S.C. §§ 1332(a) and 1332(d), respectively.  (*E.g.*, Case No. 4:23-cv-55, Doc. 1 ¶¶ 22–23, 31.)  Plaintiffs moved to remand the cases to the State Court.  (*E.g.*, Case No. 4:23-cv-55, Doc. 18.)  On September 26, 2024, the Court granted Plaintiffs' motions and remanded the cases to State Court.  (Case No. 4:23-cv-55, Doc. 37; Case No. 4:23-cv-58, Doc. 42; Case No. 4:23-cv-60, Doc. 45; Case No. 4:23-cv-61, Doc. 37; Case No. 4:23-cv-62, Doc. 43; Case No. 4:24-cv-7, Doc. 43.)  On October 8, 2024, Defendants filed petitions for permission to appeal the Court's remand order pursuant to 28 U.S.C. § 1453(c)(1).  (*E.g.*, Permission for Leave to Appeal Dktd., *In Re: Playtika, Ltd., et al.*, No. 24-0503 (6th Cir. Oct. 8, 2024)).  Defendants move for a stay of the Court's remand orders until the Court of Appeals for the Sixth Circuit fully disposes of the petitions to appeal.  (*E.g.*, Case No. 4:23-cv-55, Doc. 39 at 1.)  Defendants represent that Plaintiffs do not oppose a stay.  (*Id.*)

"Ordinarily, remand orders '[are] not reviewable on appeal or otherwise.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85 (2014) (quoting 28 U.S.C. §1447(d)).  "There is an exception, however, for cases invoking CAFA."  *Id.* at 85–86 (citing 28 U.S.C. §1453(c)(1)).

---

[1] Given the strong similarities between the cases and the overlap of the parties' arguments, the Court addresses the cases together.  For clarity, "Plaintiffs" and "Defendants" refer to parties in more than one of the six related cases.

3

In such cases, the party appealing must file an appeal within "10 days after entry of the order." 28 U.S.C. § 1453(c)(1). "Numerous district courts have found that limited jurisdiction exists to address a motion to stay pending appeal of a CAFA remand order." *Anderson v. Wilco Life Ins. Co.*, No. CV 119-008, 2019 U.S. Dist. LEXIS 119108, at *3–4 (S.D. Ga. July 17, 2019) (collecting cases). "Because CAFA expressly authorizes a party to file an appeal of a CAFA remand order, the Court necessarily has limited jurisdiction to consider a motion to stay pending that appeal." *Id*. at *4.

In considering a stay pending appeal, courts balance four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). "All four factors . . . are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). But the first two factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay." *Griepentrog*, 945 F.2d at 153 (citing *Ohio ex rel. Celebrezze v. Nuclear Regul. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). But the movant must always "show, at a minimum, 'serious questions going to the merits.'" *Id*. at 154 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

First, Defendants raises serious questions that may be appropriate for appellate review. Defendants argue "this case presents serious questions of first impression about how to apply CAFA to a statewide action brought under Tennessee's eighteenth-century 'gambling loss

4

recovery' statute." (*E.g.*, Case No. 4:23-cv-55, Doc. 40 at 4.)  Given the dearth of case law interpreting Tennessee Code Annotated § 29-19-105 and the lack of authority regarding the applicability of CAFA in this context, the first factor weighs toward a stay, but not heavily.

Second, Defendants are likely to suffer irreparable injury absent a stay by having to simultaneously litigate this case in State Court and on appeal with the Court of Appeals for the Sixth Circuit. *See e.g., Anderson*, No. CV 119-008, 2019 U.S. Dist. LEXIS 119108, at *3 (finding the risk of harm from simultaneous litigation weighed toward granting a stay).  The risk of inconsistent outcomes also favors a stay.  The two "most critical" factors weigh toward granting a stay pending appeal.  *See Nken*, 556 U.S. at 434.

Third, any prejudice to Plaintiffs will be limited.  Plaintiffs' interests may be served by granting a stay in that they too will avoid incurring expenses simultaneously litigating in State Court and on appeal with the Court of Appeals.  *See id*.  Additionally, any delay caused by a stay will be relatively brief because "appellate review of jurisdiction issues under CAFA is expedited" as set forth in 28 U.S.C. § 1453(c)(2).  *Lafalier v. Cinnabar Serv. Co.*, No. 10-CV-0005-CVE-TLW, 2010 U.S. Dist. LEXIS 42447, at *9 (N.D. Okla. Apr. 30, 2010) (citing 28 U.S.C. § 1453(c)(2)).  Moreover, given that Plaintiffs do not oppose a stay, the Court concludes they do not see a substantial risk of prejudice in this case.

Finally, as to the fourth factor, public interest favors granting a stay because avoiding duplicative litigation in state and federal courts conserves judicial resources.  *See Raskas v. Johnson & Johnson*, No. 4:12 CV 2174 JCH, 2013 U.S. Dist. LEXIS 60531, at *8-9 (E.D. Mo. Apr. 29, 2013) (finding the public interest in conserving judicial resources and promoting judicial economy favored a stay).

All four factors weigh in favor of granting a stay. Accordingly, the Court will **GRANT** Defendants' motions (Case No. 4:23-cv-55, Doc. 39; Case No. 4:23-cv-58, Doc. 45; Case No. 4:23-cv-60, Doc. 48; Case No. 4:23-cv-61, Doc. 39; Case No. 4:23-cv-62, Doc. 45; Case No. 4:24-cv-7, Doc. 45) and **STAY** the orders to remand the actions to the State Court (Case No. 4:23-cv-55, Doc. 37; Case No. 4:23-cv-58, Doc. 42; Case No. 4:23-cv-60, Doc. 45; Case No. 4:23-cv-61, Doc. 37; Case No. 4:23-cv-62, Doc. 43; Case No. 4:24-cv-7, Doc. 43) until the Court of Appeals for the Sixth Circuit fully disposes of the petitions to appeal.

**APPROPRIATE ORDERS WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**